IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| ) | Criminal No. 2:21-cr-372-BHH |
| v. ) | |
| ) | |
| Tradon Marquez Drayton, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Defendant Tradon Marquez Drayton's ("Defendant") pro se motion for early termination of his five-year term of supervised release. (ECF No. 9.) The Court previously denied the motion in a text order (ECF No. 10), which Defendant appealed to the Court of Appeals for the Fourth Circuit. (ECF No. 12.) On October 3, 2023, the Fourth Circuit issued an unpublished opinion vacating the text order and remanding the matter for further proceedings. After further review, the Court again denies Defendant's motion.

## BACKGROUND

In 2006, a jury in the United States District Court for the Western District of Virginia found Defendant guilty of the following: Count Five: Conspiracy to Distribute Cocaine Base, 21 U.S.C. §§ 841(a) and 846; Count Seven: Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1); Count Eight: Cause of Death in Relation to a Drug Trafficking Crime, 18 U.S.C. §§ 924(c)(1) and 924(j)(2); Count Nine: Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1); and Count Ten: Fire a Weapon in Furtherance of a Major Drug Offense, 18 U.S.C. § 36(b)(1). The Honorable James P. Jones, Chief U.S. District Judge for the Western District of Virginia, sentenced Defendant

to a total term of 548 months' imprisonment followed by five years of supervised release.

On June 10, 2008, Judge Jones reduced Defendant's term of imprisonment, pursuant to U.S.S.G., Amendment 706, to a total term of 511 months. (ECF No. 501 in No. 1:04CR00009-001 (W.D.Va.).) On December 28, 2011, Defendant's sentence was reduced to 470 months based on U.S.S.G. Amendment 750. (ECF No. 575 in No. 1:04CR00009-001 (W.D.Va.).) Judge Jones again reduced Defendant's sentence on October 4, 2018, to 452 months, pursuant to U.S.S.G., Amendment 782. (ECF No. 652 in No. 1:04CR00009-001 (W.D.Va.).) On May 12, 2020, Defendant's motion for reduction pursuant to the First Step Act was granted in part and denied in part. (ECF No. 676 in No. 1:04CR00009-001 (W.D.Va.).) Specifically, counts Five, Nine, and Ten were reduced to 36 months, to run concurrently, and the sentence for Counts Seven (60 months) and Eight (300 months), consecutive to each other and to the other counts, was unchanged. On June 16, 2021, Defendant received his last reduction in sentence. (ECF No. 699 in No. 1:04CR00009-001 (W.D.Va.).), when Judge Jones reduced his sentence to 240 months, but not less than time served, and Defendant was released on June 21, 2021, and began serving his term of supervised release.

On June 28, 2021, this Court accepted the transfer of jurisdiction from the Western District of Virginia. (ECF No. 1.) Defendant filed the instant motion for early termination fo supervised release on May 10, 2023. (ECF No. 9.)

## **DISCUSSION**

In his motion for early termination of supervised release, Defendant asserts that early termination is appropriate because, *inter alia*, he has paid his court fines; has complied with the terms and conditions of his supervised release for nearly two years,

including drug screening; has completed rehabilitation and educational programs; is currently employed; has strong family ties; and is a law-abiding citizen. He further asserts that being on supervised release has precluded him from accompanying his family on a cruise to the Bahamas. (ECF No.

Pursuant to 18 U.S.C. § 3583(e)(1), after a defendant has served one year of supervised release, a district court may terminate the remaining term after considering certain 18 U.S.C. § 3553(a) factors, if the court "is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." Specifically, § 3583(e) directs the court to consider these factors set forth in §§ 3553(a)(1), (a)(2)(b), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
> . . .
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant;
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . .
>
> (4) the kinds of sentence and the sentencing range established for–
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants

with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a)(1), (a)(2)(b), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7). Here, after reviewing the applicable factors, the Court finds that, although Defendant has been compliant throughout his term of supervision thus far, his early termination from supervised release is not warranted due to the nature and circumstances of the offense, and the need to afford adequate deterrence from criminal conduct and to protect the public. The Court notes that Defendant's underlying conduct involved a gun battle that resulted in the death of another, and the Court agrees with Judge Jones that Defendant's period of supervision will "help ensure that he does not return to criminal behavior." (*See* ECF No. 676 in No. 1:04CR00009-001 (W.D.Va.).).

Accordingly, because the Court is not satisfied that early termination from supervised release is in the interest of justice, the Court hereby denies Defendant's motion at this time (ECF No. 9).

**IT IS SO ORDERED.**

s/Bruce H. Hendricks
United States District Judge

Charleston, South Carolina
February 6, 2024